GALWAY & CO. v. PRIGNANO.

(Supreme Court, Appellate Term.   April 9, 1912.)

1. CONTRACTS (§ 75*)—NEW AGREEMENT—CONSIDERATION.

Plaintiff, having agreed to furnish all the ashes necessary in the construction of a building for $240, claimed that he thereafter told defendant he would not proceed under the contract, except under an agreement that he should be paid by the load. *Held* that, if the alleged new agreement was merely to pay an additional compensation for work which plaintiff was obligated to do, it was without consideration.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 273–285; Dec. Dig. § 75.*]

2. CONTRACTS (§ 245*)—ABROGATION—NEW AGREEMENT.

A new agreement, made in substitution for an old one while the work contracted for was in progress, was valid.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1129, 1130; Dec. Dig. § 245.*]

3. CONTRACTS (§ 322*)— PERFORMANCE—ACTION—EVIDENCE.

In an action to recover for the delivery of ashes, to be paid for by the load, plaintiff could not recover, where the proof failed to show the number of loads delivered.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492; Dec. Dig. § 322.*]

4. EVIDENCE (§ 376*)—BOOK ENTRIES.

Book entries as to loads of ashes delivered to defendant were inadmissible, where they were made on reports of a driver who was not produced.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Galway & Co. against Louis Prignano. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Rudolph L. Cherurg (Samuel Falk, of counsel), for appellant.
Otto A. Gillig (Smith Lent, of counsel), for respondents.

LEHMAN, J.  [1, 2]  The plaintiff agreed to furnish for the sum of $240 all the ashes necessary for use in a building in course of erection.  Thereafter he claims that he told defendant he would not proceed under the contract, except under an agreement that he should be paid by the load.  There is no doubt that, if the alleged new agreement was merely to pay an additional compensation for work which plaintiff was already obligated to do, it was without consideration. If, however, the parties agreed while the work was under construction to abrogate the old contract, and to make a new contract on entirely different terms in substitution of the old, the new contract is valid.  In this case, although apparently both parties contemplated that payment for ashes furnished by the load would provide a larger

compensation than the lump payment, the new contract, if made, would give both parties new and different rights, and would therefore be enforceable. The plaintiff's testimony as to the defendant's agreement to substitute a new contract is somewhat vague, and is distinctly contradicted by the defendant and by the surrounding circumstances, so that I have serious doubts as to whether a finding that such an agreement was made can be sustained.

[3, 4] In any event, however, the plaintiff failed by proper evidence to show the number of loads he delivered. Upon his direct testimony he unquestionably failed to introduce any competent testimony as to the number of loads delivered. At the close of the plaintiff's case the complaint should have been dismissed on this ground. Thereafter the defendant put in his testimony, and in rebuttal the plaintiff for the first time introduced in evidence a book showing the number of loads delivered at this work. Some of the entries of this book were perhaps admissible, because made by the plaintiff or his foreman upon reports made to them directly by drivers who were produced as witnesses, though the evidence is somewhat vague upon the point whether the plaintiff made his entries from direct reports to him, or from reports orally transmitted through the foreman. Some were clearly inadmissible, because made on reports of one driver who was not produced, and in some cases the propriety of their admission depends upon the correctness of an inference that entries credited to "Paddy" or "Pat" were intended to refer to a witness whose first name was Patrick.

Nor can we determine whether or not the trial justice disregarded the clearly erroneous entries. Though his judgment is for less than the amount asked or justified if the entries are correct, it does not appear that any definite items have been disallowed, but rather that plaintiff's claim has been regarded as somewhat exaggerated. The entire testimony as to the entries of the book is too vague to have any probative force, yet it has been permitted to outweigh the undisputed fact that the plans show that not more than 210 loads could have been used in this building operation.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.